UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | Case Number: 22-08174 |
| MOHAMMED KHAN | ) | |
| | ) | Chapter: 13 |
| | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

**AGREED ORDER REINSTATING STAY
AND PROVIDING FOR STAY RELIEF UPON DEFAULT**

THIS CASE is before the Court on the motion GATEWAY MORTGAGE, A DIVISION OF GATEWAY FIRST BANK (hereinafter "Creditor") for relief from the automatic stay regarding property located at 3405 Henley Street, Glenview, IL 60025. An order was entered on November 29, 2022 granting the motion. That order was vacated on January 3, 2023. The motion was reinstated and the parties have agreed to resolve the motion with the terms below.

IT IS ORDERED:

1. The claim of Creditor is reinstated.

2. Debtor must continue to make timely post-petition payments effective immediately and continuing throughout the case.

3. A payment is considered "timely" if the full payment is received in the office of the Creditor on or before the 15th day of the month in which it is due, and a late charge is due on all payments received after the 15th day of the month.

4. If Creditor does not receive post-petition monthly mortgage payments, the Creditor may file with the court and serve on the Debtor and his attorney a Notice of Default with Certificate of Service stating that the Debtor has fourteen (14) calendar days to cure the post-petition default in full. In the event the Debtor fails to cure the post-petition default in full within that time period, the Creditor may then file with the court and serve on the Debtor and his attorney a Notice of Stay Termination with Certificate of Service upon the filing of which the stay will be terminated as to the Creditor, its principals, agents, successors and/or assigns, as to the property securing its interest. The Notice of Termination terminates the automatic stay to permit Creditor to exercise its *in rem* rights under non-bankruptcy law in the collateral effective on the date it is filed. The stay in Rule 4001(a)(3) does not apply to the Notice of Termination.

5. The Debtor also must make "timely" Chapter 13 plan payments to the trustee beginning with the first payment due to the trustee under the plan and continuing monthly pursuant to the plan.

6. A payment to the trustee is considered "timely" if the full monthly payment is received in the office of the standing trustee on or before the 21st day of the month in which it is due.

7. If the Debtor fails to make trustee plan payments, the Creditor may then file with the court and serve on the Debtor and his attorney a Notice of Default with Certificate of Service stating that the Debtor has 14 calendar days to cure the trustee plan payment default in full. In the event the Debtor fails to cure the trustee plan payment default in full within that time period, the Creditor will may file with the court and serve on the Debtor and his attorney a Notice of Stay Termination with Certificate of Service, upon the filing of which the stay will be terminated as to the Creditor, its principals, agents, successors and/or assigns, as to the property securing its interest. The Notice of Termination terminates the automatic stay to permit Creditor to exercise its *in rem* rights under non-bankruptcy law in the collateral effective on the date it is filed. The stay in Rule 4001(a)(3) does not apply to the Notice of Termination.

8. In the event the Debtor has not paid in full the pre-petition arrearages listed on the proof of claim on or before the 36th month of the plan following confirmation or if the mortgage has not been paid in full through a refinance of the loan by that time, then the Debtor must list the property for sale with a licensed real estate broker. In the event the property is not listed and proof of the listing sent to creditor by the end of the 37th month following confirmation, the Creditor may then file with the court and serve on the Debtor and his attorney a Notice of Default with Certificate of Service stating that the Debtor has 14 calendar days to cure this default by listing the property for sale with a licensed real estate broker. In the event the Debtor fails to cure this default within that time period, the Creditor may then file with the court and serve on the Debtor and his attorney a Notice of Stay Termination with Certificate of Service, upon the filing of which the stay will be terminated as to the Creditor, its principals, agents, successors and/or assigns, as to the property securing its interest. The Notice of Termination terminates the automatic stay to permit Creditor to exercise its *in rem* rights under non-bankruptcy law in the collateral effective on the date it is filed. The stay in Rule 4001(a)(3) does not apply to the Notice of Termination.

9. In the event that Creditor should have to send out any Notices of Default, Creditor may include up to $100 per notice as additional attorney fees, that the Debtor must pay in addition to whatever funds are needed to cure the default and that these additional funds must be tendered prior to the expiration of the cure period set forth in the Notice.

10. This order will no longer binding on any party upon a conversion of this case to a Chapter 7.

/s/ Terri M. Long
/s/ Kenneth E. Kaiser

Enter:

Dated: January 24, 2023

_____
Carol A. Doyle
United States Bankruptcy Judge

**Prepared by:**
Terri M. Long ARDC#6196966
CODILIS & ASSOCIATES, P.C.
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
File No. 14-15-08365